IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON


KELLY J. MCCOY,

      Plaintiff,

V.                                  CIVIL ACTION NO. 3:03-0507


JO ANNE  BARNHART,
Commissioner of Social Security,

      Defendant.


## FINDINGS AND RECOMMENDATION

This case is pending before the Court on defendant's motion to dismiss on grounds that plaintiff has failed to exhaust her administrative remedies.  Defendant asserts that there has not been a "final decision" by the Commissioner and that, as a consequence, this Court lacks subject matter jurisdiction.

The  documents submitted by the Commissioner reflect that plaintiff filed an application for disability insurance benefits on October 23, 2001, which was denied initially.  Her request for reconsideration was denied on May 24, 2002.  Under the regulations, 20 C.F.R. §404.933(b)(1),  and as explained in the reconsidered determination, she then had sixty days from the date she received the reconsidered determination to request a hearing before an administrative law judge.[1]

_____

[1] The Commissioner's regulations provide that it is assumed that notices of determinations and decisions are received within five days of mailing "unless you show us that you did not receive it within the five-day period."  See, 20 C.F.R. §404.901(a).

On December 19, 2002 and January 16, 2003, plaintiff's attorney sent additional evidence to the local Social Security office for consideration, but plaintiff did not request a hearing until February 6, 2003, 258 days after the reconsidered determination. In the request for hearing, plaintiff's attorney alleged that neither he nor plaintiff received notice of the reconsidered denial, and it was not until counsel received a call from someone at the Social Security office that he became aware that the request for reconsideration had been denied. An administrative law judge dismissed the request for hearing, finding that plaintiff's address had remained constant and the reconsidered determination had not been returned as undeliverable. He reasoned that plaintiff had not, therefore, established good cause for the late filing of her hearing request. Plaintiff timely sought Appeals Council review of the decision; however, the Appeals Council denied her request for review.

In response to the motion to dismiss, plaintiff's counsel asserts that, following receipt of the Appeals Council's decision, plaintiff informed him that she had received the reconsidered determination and had called counsel's office about it. She did not mail him a copy of the document or bring it in to the office as counsel indicates his staff would have instructed her to do.

Under the provisions of 42 U.S.C. §405(g), this Court reviews "final decision[s]" of the Commissioner, and "[t]o obtain a final decision ... a claimant is required to exhaust his administrative remedies by proceeding through all ... stages of the administrative appeals process." Bowen v. City of New York, 476 U.S. 467, 482 (1986). Absent circumstances not present in this case,[2] district courts lack jurisdiction to review agency decisions or actions when administrative remedies have not been exhausted. In the present case, there has been neither a hearing before an

---

[2] See, Califano v. Sanders, 430 U.S. 99, 108-09 (1977); Mathews v. Eldridge, 424 U.S. 319, 328 (1976); Bowen v. City of New York, supra at 482-86.

administrative law judge or Appeals Council review, and it is apparent that administrative remedies have not been exhausted.  This Court is, accordingly, without jurisdiction to proceed.

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss be granted and this case be dismissed and retired from the Court's docket.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties  may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of  this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this   Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED:  May 10, 2006

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE

4